Mary Jo O'Neill, AZ Bar #005924
Andrea Baran. MO Bar #45620
T. Diana Chen, AZ Bar #021706
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
Telephone: (602) 640-5033
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
           andrea.baran@eeoc.gov
           diana.chen@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) ) Plaintiff, ) ) vs. ) ) THE GEO GROUP, INC., a Florida corporation, d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility, ) ) ) ) Defendant. ) | **CV**<br><br>**Complaint**<br><br>**(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant The Geo Group, Inc., d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility ("Geo Group"), to correct (1) the unlawful practice of different treatment in the terms, conditions, and privileges of employment based on sex, including, but not limited to, sex-based hostile work environment and sexual harassment and (2) the unlawful practice of retaliating against employees for complaining about discrimination.  This

action seeks to provide appropriate relief to Alice Hancock and a class of female employees.  The Equal Employment Opportunity Commission ("EEOC" or "Commission") contends that Defendant Geo Group, has discriminated against Charging Party and a class of female employees because of their sex, female, by subjecting them to different terms and conditions of employment, including a hostile work environment, by failing to take prompt remedial action intended to eliminate sex-based hostile work environment and sexual harassment, and by retaliating against Hancock and a class of female employees for complaining about or opposing harassment, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, The Geo Group, Inc., d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility ("Geo Group"), has continuously been doing business in the State of Arizona, including Phoenix, Arizona and has at all relevant times had at least 15 employees.

5. At all relevant times, The Geo Group, Inc., d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility ("Geo Group"), has continuously been doing business in the State of Arizona, including Phoenix, Arizona and has at all relevant times had at least 15 employees.

6. At all relevant times, The Geo Group, Inc., d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility ("Geo Group") has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Alice Hancock filed a Charge of Discrimination with the Commission, alleging that the Defendants violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Charging Party, Alice Hancock, and a class of women were employed by Defendant.

9. On June 5, 2009, Alice Hancock filed a timely charge of discrimination with the Arizona Civil Rights Division, which was dual-filed with the U.S. Equal Employment Opportunity Commission.

**Different Terms and Conditions of Employment,**

**Sex-Based Hostile Work Environment and Sexual Harassment**

10. Since at least 2007, Defendant Geo Group has engaged in unlawful employment practices at the Florence West and CACF facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a), by allowing its employees, including management level employees, to subject Hancock and a class of female employees to different terms and conditions of employment, including, but not limited to, sex-based hostile work environment and sexual harassment.

11. Geo Group employees, including male managers responsible for supervising correctional officers, participated in harassing conduct toward female

employees and fostered a sexual and sex-based hostile work environment in which male managers and employees were permitted to harass and retaliate against female employees.

12. The sexual and sex-based harassment included serious verbal harassment and physical harassment of the female employees, which included, but was not limited to, the following conduct:

(a) making frequent and, at times, daily offensive sexual and derogatory comments to subordinate female employees, such as wanting to "ram [them] from behind," bend them over, and asking them to "suck [the alleged harasser's] dick";

(b) telling inmates that specific subordinate female correctional officers were having sex with the [alleged] harasser;

(c) making frequent offensive gestures to subordinate female employees, such as simulating sex acts and pointing to private body parts when making offensive remarks;

(d) engaging in physical harassment, including incidents such as grabbing Charging Party's breast, grabbing Charging Party's vagina and pinching it, grabbing and lifting a female correctional officer onto a desk, shoving apart her legs, and kissing her, and attempting to forcibly kiss another female employee;

(e) subjecting subordinate female employees to humiliating treatment, such as rubbing up against a female correctional officer when she was bent over to do a task, dropping items in front of a female correctional officer and asking her to bend over and pick them up, urging a male co-worker to dump water over the head of a female correctional officer in front of a male inmate and other co-workers and laughing at her humiliation, refusing to respond to a female correctional officer's request for assistance with an inmate transfer, and simulating grabbing the breasts of a female correctional officer; and

(f) repeatedly propositioning subordinate female employees, including using sexually-explicit text messages.

13. The offensive sexual and sex-based conduct was sufficiently severe or pervasive as to alter the terms and conditions of employment for the employees subjected to the conduct.

14. The harassment in the workplace created a hostile work environment based on sex.

15. Defendant Geo Group was aware of the sexual harassment and aware that some male managers participated in the harassment.

16. Defendant Geo Group failed to take reasonable preventive and protective measures to promptly address and remedy the sexual and sex-based harassment, in the workplace and the inadequate and ineffective measures, include, but are not limited to, the following examples:

(a) failing to appropriately investigate allegations of sexual harassment despite having evidence of harassment, such as finding that there was not enough evidence to verify Hancock's allegation that a male superior officer grabbed her breast, despite the fact that there was a male co-worker who corroborated portions of Hancock's account and contradicted portions of the alleged harasser's account;

(b) neglecting to take adequate measures to protect female employees during pending internal sexual harassment investigations, such as merely transferring the alleged male harasser to a different shift when Hancock made an internal complaint that he had grabbed her vagina and pinched her, even though their shifts overlapped and the employees on those shifts had contact with each other during the shift change, and transferring three male supervisory officers alleged to have engaged in physical sexual harassment to a different unit where they would work with or supervise other female correctional officers;

(c) declining to initiate an investigation into statements that an alleged harasser retaliated against females who complained, which were made by subordinate female correctional officers during an internal investigation of Hancock's complaint that a male manager had grabbed her breast;

(d) refusing to issue discipline to male managers that adequately addressed the severity or pervasiveness of the harassment, such as issuing merely a written reprimand to a male manager after its internal investigation substantiated verbal sexual harassment against numerous female correctional officers and, in another instance, re-promoting a male employee to a management position after demoting him for physical sexual harassment against several subordinate female employees;

(e) assigning a male employee, who engaged in physical sexual harassment against two subordinate female employees, as an instructor of a self-defense class that all correctional officers, including the aggrieved female correctional officers, were required to attend annually;

(f) disciplining alleged harassment by a subordinate female correctional officer more harshly than more egregious conduct by a male manager, where the female officer was placed on unpaid administrative leave during an investigation of a single alleged sexual comment and, ultimately, suspended for 15 days without pay;

(g) transferring male supervisory officers who engaged in harassing conduct between the Florence West and the CACF facilities despite the fact that females worked in both units;

(h) increasing the overall performance rating of a male supervisory officer within weeks of substantiating that he had subjected several female correctional officers to verbal sexual harassment;

(i) conducting investigations in a manner in which the victims felt that they were the ones under investigation; and

(j) selective reporting by supervisors of alleged harassment complaints to Human Resources.

17.     Defendant knew or should have known about the events and conduct described above in Paragraphs 10-16.

18. The effect of the events and conduct described above has been to make Hancock and a class of female employees believe that they had to tolerate sexual harassment and sex-based harassment and that nothing would be done to the alleged harasser if they complained.

19. The effect of the events and conduct described above has denied Hancock and a class of female employees of equal employment opportunities.

## Retaliation

20. Since at least 2007, Defendant Geo Group has engaged in unlawful employment practices at the Florence West and the CACF facilities, in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) by retaliating against Hancock and a class of female employees because they because she opposed sexual harassment by making internal complaints and because she filed a charge of discrimination and participated in a governmental administrative investigation.

21. Hancock engaged in protected activities because she opposed the sexual harassment by complaining to Geo Group's management and filed a charge of discrimination with the Arizona Civil Rights Division and the Equal Employment Opportunity Commission.

22. The retaliatory acts directed at Hancock included, but were not limited to, the conduct as set forth below:

(a) allowing supervisors and co-workers to ostracize Hancock for making a sexual harassment complaint;

(b) placing Hancock on unpaid administrative leave less than three weeks after she made an internal complaint of physical sexual harassment because she allegedly made an offensive sexual remark during a training while her alleged harasser continued working;

(c) issuing a 15-day unpaid suspension to Hancock for allegedly making an offensive sexual remark during a training less than six weeks after Hancock made an internal complaint of physical sexual harassment despite that a male

        manager was issued a written reprimand after the Geo Group concluded he had subjected several female correctional officers to verbal sexual harassment;

(d) removing Hancock from a modified duty position that allowed her to continue working despite an occupational injury; and

(e) terminating her employment within several months of filing the charge of discrimination for abandoning her position despite that her doctor had provided medical documentation of the need for continued leave.

23.    The retaliatory acts against a class of female employees at Geo Group include, but are not limited to the conduct set forth below:

(a) withholding security back-up during a dangerous inmate transfer procedure after a female corrections officer engaged in protected activity;

(b) issuing unwarranted disciplinary actions against at least one female corrections officer after she engaged in protected activity; and

(c) ordering an employee to dump water on the head of a female corrections officer after she engaged in protected activity

24.    Defendant knew or should have known about the events and conduct described above in Paragraphs 20-23.

25.    Defendant Geo Group did not take reasonable measures to prevent retaliation against the female employees who substantiated the harassment.

26.    The inadequate measures for preventing retaliation include, but are not limited to, the following conduct:

(a) failing to investigate female correctional officers' concerns that the alleged harasser had a tendency to retaliate against those who opposed his conduct;

(b) failing to monitor the alleged harasser after issuing only a written reprimand, and

(c) refusing to consider that the actions of a male manager against two female correctional officers, taken several months after they participated in an internal investigation and substantiated verbal harassment, were retaliatory because the officers did not specifically label them as retaliation.

27. The effect of the practices complained of in paragraphs 7 through 26 above has been to deprive Alice Hancock, and a class of female employees, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female, and because they opposed the sexual harassment and different terms and conditions of employment.

28. The unlawful employment practices complained of in paragraphs 7 through 26 above were intentional.

29. The unlawful employment practices complained of in paragraphs 7 through 26 above were done with malice and/or with reckless indifference to the federally protected rights of Alice Hancock, and a class of female employees, employed by Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any unlawful employment practice, including different terms and conditions of employment based on sex, sex-based hostile work environment, sexual harassment, and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to institute, implement, and enforce policies, practices and programs that provide equal employment opportunities for women, and that eradicate the effects of its present unlawful employment practices, including retaliation.

D.   Order Defendant to provide training to its correctional officers, supervisors, managers, and other employees regarding discriminatory harassment and retaliation in the workplace.

E.   Order Defendant to make whole Alice Hancock, and a class of female employees, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement.

F.   Order Defendant to make whole Alice Hancock, and a class of female employees, by reinstating them to their previously held position or an equivalent position or, in the alternative, by providing appropriate front pay in amounts to be determined at trial.

G.   Order Defendants to make whole Alice Hancock, and a class of female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 29 above, in amounts to be determined at trial.

H.   Order Defendants to make whole Alice Hancock, and a class of female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 29 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, anxiety, and humiliation, in amounts to be determined at trial.

I.   Order Defendants to pay Alice Hancock, and a class of female employees, punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 7 through 29 above, in amounts to be determined at trial.

J.   Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the EEOC its costs of this action.

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 29th day of September, 2010.

> P. DAVID LOPEZ
> General Counsel
>
> JAMES LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION Salt
> 131 M Street  NE, 5TH Floor
> Washington, D.C. 20507-0004
>
> s/Mary Jo O'Neill
> MARY JO O'NEILL
> Regional Attorney
>
> s/Andrea Baran
> ANDREA BARAN
> Supervisory Trial Attorney
>
> s/T. Diana Chen
> T. DIANA CHEN
> Trial Attorney
>
> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> 3300 N. Central Ave., Suite 690
> Phoenix, Arizona  85012
> (602) 640-5003
>
> Attorneys for Plaintiff