**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Terry Goddard, the Attorney General; and Civil Rights Division of the Arizona Department of Law, | No. CV 10-1995-PHX-SRB |
| | No. CV 10-2088-PHX-SRB |
| Plaintiffs, | (Consolidated) |
| vs. | **ORDER** |
| Geo Group, Inc., a Florida corporation, d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility, | |
| Defendant. | |
| Equal Employment Opportunity Commission, | |
| Plaintiff, | |
| vs. | |
| Geo Group, Inc., a Florida corporation, d/b/a Arizona State Prison-Florence West and Central Arizona Correctional Facility, | |
| Defendant. | |

Pending before the Court is Defendant Geo Group, Inc.'s ("Geo") Rule 12(b)(6) Motion to Dismiss Similarly-Situated Female Employees in the suit brought by the State of Arizona and the Civil Rights Division of the Arizona Department of Law ("ACRD MTD")

1    (CV 10-1995-PHX-SRB, Doc. 9). The Court will also address Geo's Motion to Dismiss the

2    Class of Female Employees in the suit brought by the Equal Employment Opportunity

3    Commission ("EEOC MTD") (CV 10-2088-PHX-SRB, Doc. 10). The suits initiated by the

4    State of Arizona and the Civil Rights Division of the Arizona Department of Law ("ACRD")

5    and the Equal Employment Opportunity Commission ("EEOC") have been consolidated

6    under *Arizona ex rel. Goddard v. Geo Group, Inc.*, CV 10-1995-PHX-SRB. (CV 10-1995-

7    PHX-SRB, Doc. 14, Feb. 14, 2011, Order at 2.)

8    **I.    BACKGROUND**[1]

9        On June 5, 2009, Alice Hancock filed a charge of discrimination with the ACRD and

10    the EEOC. (CV 10-1995-PHX-SRB, Doc. 1-4, Am. Compl. ("ACRD Am. Compl.") ¶ 16;

11    CV 10-2088-PHX-SRB, Doc. 1, Compl. ("EEOC Compl.") ¶ 9; CV 10-1995-PHX-SRB,

12    Doc. 10, Resp. to ACRD MTD ("ACRD Resp."), Ex. A, Charge of Discrimination

13    ("Charge") at 1.) During the events alleged in her charge of discrimination and at issue in this

14    litigation, Ms. Hancock worked as a correctional officer at the Arizona State Prison Florence

15    West Facility. (ACRD Am. Compl. ¶ 15.) Geo maintains, operates, and controls the Arizona

16    State Prison Florence West and Central Arizona Correctional Facilities. (ACRD Am. Compl.

17    ¶¶ 7-8; EEOC Compl. ¶ 4.)

18        Ms. Hancock's charge of discrimination alleged that she had "been discriminated and

19    retaliated against because of [her] sex . . . and because [she] complained about sexual

20    harassment" while working at Geo's Florence West Facility. (Charge at 1; ACRD Am.

21    Compl. ¶ 15.) Specifically, Ms. Hancock alleged that "[o]n or about April 28, 2009, [she]

22    was sexually harassed by Sergeant Robert Kroen," who "inappropriately grabbed/touched

23    [her] crotch and pinched [her] vagina," and that on or about May 22, 2009, three coworkers

24    erroneously reported that Ms. Hancock made a sexually inappropriate comment resulting in

25    Ms. Hancock being placed on administrative leave. (Charge at 1.) Both incidents occurred

26

27        [1] The Court summarizes the facts as taken from both the EEOC and the ACRD
pleadings. When reviewing the sufficiency of the individual pleadings the Court looks to the
28    pleading challenged and the documents incorporated therein.

1   within 180 days of her charge. (ACRD Am. Compl. ¶ 17; EEOC Compl. ¶ 9; *see also* Charge

2   at 1 (reflecting specific dates of alleged conduct and that the charge was filed within 180

3   days of the alleged conduct).)

4          Following an investigation into Ms. Hancock's allegations, the ACRD issued a

5   Reasonable Cause Determination and "found that reasonable cause existed to believe . . . Geo

6   . . . discriminated against Alice Hancock and similarly-situated individuals because of their

7   sex . . . and retaliated against Hancock and similarly-situated individuals when they opposed

8   an unlawful employment action." (ACRD Am. Compl. ¶ 18; *accord* ACRD Resp., Ex. B,

9   Reasonable Cause Determination ("Cause Determination") at 5.) Both the ACRD and the

10  EEOC filed suits against Geo on behalf of Ms. Hancock and a group of similarly-situated

11  female employees, alleging that Ms. Hancock and the similarly-situated employees were

12  subject to a hostile work environment and retaliation. (ACRD Am. Compl. ¶¶ 4, 20-35;

13  EEOC Compl. ¶¶ 10-29.) Both the EEOC and the ACRD pleadings contain specific

14  allegations that the similarly-situated female employees were subject to physical sexual

15  harassment, including unwanted grabbing, pinching, and kissing. (EEOC Compl. ¶ 12(d);

16  ACRD Am. Compl. ¶ 22(d).) The pleadings also allege that the female employees were

17  subject to humiliating treatment, verbal harassment, and offensive gestures. (EEOC Compl.

18  ¶ 12(a)-(c), (e)-(f); ACRD Am. Compl. ¶ 22(a)-(c), (e)-(f).) The EEOC and the ACRD allege

19  that Geo has engaged in these unlawful employment practices since at least 2007. (EEOC

20  Compl. ¶¶ 10, 20; ACRD Am. Compl. ¶¶ 20, 30.) In addition, both pleadings contain

21  allegations that the EEOC and the ACRD satisfied the conditions precedent to bringing suit.

22  (EEOC Compl. ¶ 7; ACRD Am. Compl. ¶¶ 18-19.)

23  **II.     LEGAL STANDARDS AND ANALYSIS**

24         **A.     Motion to Dismiss**

25         The Federal Rules of Civil Procedure require "only 'a short and plain statement of the

26  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

27  of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

28  550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed.

R. Civ. P. 8(a)(2). Thus, dismissal for insufficiency of a complaint is proper if the complaint fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether an asserted claim can be sustained, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). This presumption applies only to facts and "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1952). A complaint must contain sufficient factual allegations, which, if accepted as true, state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.

**B.    Materials Outside the Pleadings**

As a preliminary matter, the EEOC argues that Geo's Motion to Dismiss the similarly-situated employees from the EEOC Complaint should be converted to a motion for summary judgment because Geo relies on evidence outside the pleadings. (CV 10-1995-PHX-SRB, Doc. 16, EEOC's Resp. to EEOC MTD ("EEOC Resp.") at 2, 8-10; CV 10-1995-PHX-SRB,

1   Doc. 15, Mot. to Deny EEOC MTD and Allow Discovery to Proceed Pursuant to Fed. R.

2   Civ. P. 56(d) at 2-3.)[2] Similarly, the ACRD argues that Geo's Motion to Dismiss the

3   similarly-situated employees from the ACRD's Amended Complaint based on a failure to

4   conciliate in good faith should be converted to a motion for summary judgment because Geo

5   relies on extensive evidence outside the pleadings in challenging the ACRD's conciliation

6   efforts. (ACRD Resp. at 11-12.) In an Order dated March 17, 2011, the Court determined that

7   Geo's Motion to Dismiss the Class of Female Employees from the EEOC's suit "will be

8   considered as a Rule 12(b)(6) motion only and not as one for summary judgment." (CV 10-

9   1995-PHX-SRB, Doc. 20, Mar. 17, 2011, Order at 1.) The Court declines to convert Geo's

10  Motions to Dismiss into motions for summary judgment.

11      Geo, the EEOC, and the ACRD introduce and rely on extensive evidentiary material

12  outside the pleadings, including Ms. Hancock's charge of discrimination, the ACRD's

13  Reasonable Cause Determination, and several declarations and documents related to

14  conciliation. (*See* EEOC MTD at 6-11; ACRD MTD at 6-7; EEOC Resp. at 13; ACRD Resp.

15  at 4, 8, 10, 14-16.) Generally, review on a Rule 12(b)(6) motion to dismiss is limited to the

16  four corners of the complaint. Fed. R. Civ. P. 12(b); *Marder v. Lopez*, 450 F.3d 445, 448 (9th

17  Cir. 2006). However, a court may consider documents outside the pleadings without

18  converting the motion to dismiss into a motion for summary judgment if documents are either

19  attached to the complaint, incorporated by reference in the complaint, or are "matters of

20  judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van

21  Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th

22  Cir. 1994)). "A court may consider evidence on which the complaint 'necessarily relies' if:

23  (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim;

24  and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."

25  *Marder*, 450 F.3d at 448. Under the incorporation by reference doctrine, "[e]ven if a

26

27      [2] The EEOC filed these briefs in *Arizona ex rel. Goddard v. Geo Group, Inc.*, CV 10-

28  1995-PHX-SRB following the Court's February 14, 2011, Order consolidating the two cases.

document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908 (citations omitted).

Both the ACRD and the EEOC expressly refer to Ms. Hancock's charge of discrimination in their pleadings. (EEOC Compl. ¶¶ 7, 9; ACRD Am. Compl. ¶¶ 16-17.) In addition, the allegations in the EEOC and ACRD pleadings are based on the content of the charge of discrimination and the Reasonable Cause Determination. (*Compare* EEOC Compl. ¶¶ 7-29, *and* ACRD Am. Compl. ¶¶ 16-35, *with* Charge at 1, *and* Cause Determination at 2-5.) No party challenges the authenticity of the charge or the Reasonable Cause Determination provided to the Court. As a result, the Court will consider the charge of discrimination and the Reasonable Cause Determination for purposes of deciding the Motions to Dismiss. *See, e.g.*, *Amobi v. Ariz. Bd. of Regents*, No. 2:10-cv-01561 JWS, 2011 WL 308466, at *3 (D. Ariz. Jan. 28, 2011) (considering an EEOC charge of discrimination even though it was not attached to the pleadings). The other evidentiary material introduced by the parties is not appropriately considered without converting the Motions to Dismiss into motions for summary judgment, which the Court declines to do.[3]

**C.   Sufficiency of the Allegations Related to the Similarly-Situated Female Employees**

Both the ACRD and the EEOC seek to address alleged discrimination and retaliation suffered by Alice Hancock, the charging party, and other similarly-situated female employees. (ACRD Am. Compl. ¶ 4; EEOC Compl. ¶¶ 10, 20.) Geo challenges the sufficiency of the allegations made by the EEOC and the ACRD related to the similarly-

---

[3] Geo argues that, "[b]ecause the [ACRD's] investigation and conciliation are both prerequisites to the EEOC bringing its lawsuit, they are inherently referenced in the EEOC's assertion that it fulfilled all conditions precedent to filing the lawsuit." (CV 10-1995-PHX-SRB, Doc. 17, Def.'s Reply in Supp. of EEOC MTD ("EEOC Reply") at 6.) Geo's argument is without merit. The ACRD investigation file and the documents and declarations relating to conciliation are neither integral to, nor form the basis of, the pleadings because the documents solely relate to the substance of the parties' conciliation efforts, not the alleged discriminatory and retaliatory conduct forming the basis of the suits.

situated female employees, arguing that: (1) the ACRD's Amended Complaint does not allege that the similarly-situated female employees exhausted their administrative remedies; (2) the EEOC and the ACRD's pleadings do not allege a timely charge of discrimination; (3) the ACRD's Amended Complaint does not allege that it was filed within one year of the date of the alleged discriminatory or retaliatory incidents involving the similarly-situated female employees; (4) the EEOC does not adequately plead prima facie claims for hostile work environment or retaliation on behalf of the similarly-situated female employees; and (5) the EEOC and the ACRD failed to conciliate in good faith with regard to the similarly-situated female employees. (EEOC MTD at 3-13; ACRD MTD at 2-9.)

### 1. Whether the ACRD Must Allege That the Similarly-Situated Female Employees Exhausted Their Administrative Remedies

Geo argues that "[a]lthough [the ACRD] allege[s] Ms. Hancock exhausted her administrative remedies by filing a charge of discrimination with the ACRD, there is no allegation that the unidentified 'similarly-situated' individuals exhausted their administrative remedies." (ACRD MTD at 2-3.) Geo asserts that the Arizona Civil Rights Act ("ACRA") requires employees to file a charge of discrimination, and "[b]ecause [the ACRD] fail[s] to allege that the similarly-situated female employees exhausted their administrative remedies . . . the Court should dismiss all claims brought on behalf of the similarly-situated individuals." (*Id.* at 3.)[4]

Pursuant to the ACRA, the ACRD may bring suit in its own name and seek class-wide relief in order to remedy class-wide discrimination uncovered during its investigation into

---

[4] Geo also appears to raise this same argument in its Reply in support of its Motion to Dismiss the Class of Female Employees from the EEOC suit. (EEOC Reply at 6-7.) The Court declines to address arguments raised for the first time in Geo's Reply. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in [the Ninth] [C]ircuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs."); *Matsumaru v. Sato*, 521 F. Supp. 2d 1013, 1014 n.1 (D. Ariz. 2007) ("Arguments raised for the first time in a reply brief are improper. . . ."). In addition, the Court notes that the reasoning and analysis applied to the ACRD's Amended Complaint applies with equal force to Geo's identical challenge to the EEOC's Complaint.

a charge of discrimination without adhering to the class action requirements found in Arizona and Federal Rule of Civil Procedure 23. *Ariz. Civil Rights Div., Dep't of Law v. Hughes*, 678 P.2d 494, 495, 499 (Ariz. Ct. App. 1983). Arizona courts have recognized that "[i]n view of the [ACRD's] obvious broad power to investigate and enforce the [ACRA] . . . it would lie in contradiction . . . to hold that ACRD may file a legal action only on an individual basis on behalf of charging parties." *Id.* at 499 (noting that restricting the ACRD to bringing suits only on individual charges of discrimination would mean that "[c]lass-wide discrimination uncovered during investigations would go unremedied," and also finding that "[j]udicial economy . . . dictate[s] the use of class actions rather than many individual lawsuits").

In analogous cases under Title VII, courts have determined that the EEOC may bring a civil action in its own name on behalf of a group of aggrieved individuals. *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 324 (1980). Similarly, courts have found that, under Title VII, the EEOC "'may, to the extent warranted by an investigation reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals beyond the charging parties who are identified during the investigation.'" *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1263 (E.D. Cal. 2009) (quoting *EEOC v. United Parcel Serv.*, 94 F.3d 314, 318 (7th Cir. 1996)); *see also EEOC v. Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1976) (finding a charge of discrimination by one individual sufficient to support a civil suit by the EEOC for discrimination discovered in the course of a reasonable investigation of the charge, including class-wide discrimination, as long as notice of the "additional discrimination was included in the EEOC 'reasonable cause' determination and was followed by compliance with the conciliation procedures of [Title VII]"); *EEOC v. Occidental Life Ins. Co. of Am.*, 535 F.2d 533, 541-542 (9th Cir. 1976) (permitting the EEOC to bring suit on behalf of male employees based on a charge of discrimination filed with the EEOC by a female employee alleging sex-based discrimination).

The ACRA is modeled after and substantially identical to Title VII. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004) (citing *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.2d 907, 909-10 n.3 (Ariz. 1983)). Accordingly, "Title VII case law [is] persuasive

in . . . interpret[ing] of [the ACRA]." *Id.* As a result, the ACRD, like the EEOC, may seek relief on behalf of individuals who have not filed a charge of discrimination, to the extent that the individuals and unlawful conduct are identified in an investigation reasonably related in scope to the allegations of the underlying charge. *See Hearst Corp.*, 553 F.2d at 580; *Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1263; *Hughes*, 678 P.2d at 495, 499; *see also, e.g.*, *State ex rel. Goddard v. Phx. Union High Sch.*, 96 P.3d 220 (Ariz. Ct. App. 2004) (where the ACRD brought suit on behalf of a class based on a charge of discrimination filed by only three employees).

Here, the ACRD's investigation and subsequent suit on behalf of Ms. Hancock and the similarly-situated female employees are reasonably related to Ms. Hancock's charge. Ms. Hancock's charge of discrimination alleged that she was subject to discrimination, in the form of physical sexual harassment and retaliation. (Charge at 1.) The ACRD conducted an investigation into Ms. Hancock's charge of discrimination and determined that there was reasonable cause to believe Geo discriminated and retaliated against Ms. Hancock as well as a group of similarly-situated female employees. (Cause Determination at 2-5.) Given the similarity between Ms. Hancock's charge and the findings in the Reasonable Cause Determination, there is a reasonable nexus between Ms. Hancock's charge and the ACRD's suit. Likewise, it is reasonable that a class-based claim could grow out of Ms. Hancock's initial charge. *See, e.g.*, *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1101 (6th Cir. 2010) (reasoning that a "later class-based claim brought by the EEOC could have reasonably been expected to grow out of [the charging party's] individual complaint"). Finally, the ACRD's May 19, 2010, Reasonable Cause Determination provided Geo with notice that "during the investigation" the ACRD determined that it had reasonable cause to believe that Geo discriminated and retaliated "against Hancock and a class of female employees." (Cause Determination at 5.)

The ACRD may pursue claims on behalf of the similarly-situated employees who have not filed charges with the ACRD because the discriminatory and retaliatory conduct suffered by the similarly-situated female employees was discovered in the ACRD's investigation,

which was reasonably related in scope to Ms. Hancock's allegations in the charge. *See Hearst Corp.*, 553 F.2d at 580; *Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1263; *Hughes*, 678 P.2d at 495, 499. Geo's Motion to Dismiss based on the ACRD's failure to allege that the similarly-situated female employees exhausted their administrative remedies is denied.[5]

### 2.   Whether the Charge of Discrimination was Timely as to Ms. Hancock and the Similarly-Situated Female Employees

Geo argues that the both EEOC and the ACRD suits should be dismissed because the EEOC's Complaint and the ACRD's Amended Complaint do "not allege that any of the purported unlawful conduct occurred within [300 days, in the case of the EEOC suit, or 180 days, in the case of the ACRD suit,] from the date Ms. Hancock filed her charge of discrimination." (ACRD MTD at 4; *accord* EEOC MTD at 6.) Geo goes on to challenge the EEOC Complaint by asserting that specific conduct in the EEOC's Complaint occurred outside of the 300 day filing deadline. (EEOC MTD at 6-8.) In both Motions, Geo notes that both pleadings contain allegations of conduct beginning in 2007. (ACRD MTD at 4; EEOC MTD at 6-8.)

Under Title VII, an aggrieved individual must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful conduct. 42 U.S.C. § 2000e-5(e). Similarly,

---

[5] In addition, the Court notes that "[i]ndividuals who did not file charges with the EEOC may retain a right to intervene under the 'single filing' or 'piggybacking' rule, which permits a person who has not filed a [charge] to 'piggyback' onto an EEOC [charge] filed by a similarly situated individual." *See EEOC v. Cent. Cal. Found. for Health*, No. 1:10-cv-1492 LJO JLT, 2011 WL 149831, at *2 (E.D. Cal. Jan. 18, 2011). Here, the ACRD and EEOC initiated the litigation in their own names, and no allegedly harmed employees have sought to individually intervene. In addition, Ms. Hancock filed a timely charge of discrimination and the ACRD provided Geo with notice of the class-wide nature of the investigation and an opportunity to conciliate the claims advanced on behalf of the similarly-situated female employees. The single-filing rule provides additional support for the claims advanced on behalf of the similarly-situated female employees who have not filed charges of discrimination. *See Cal. Psychiatric Transitions*, 644 F. Supp. 2d at 1265-66; *see also EEOC v. Giumarra Vineyards Corp.*, No. 1:09-cv-2255-OWW-SKO, 2010 WL 3220387, at *6 (E.D. Cal. Aug. 13, 2010).

1   the ACRA requires aggrieved individuals to file a charge of discrimination with the ACRD

2   within 180 days of the alleged unlawful conduct. Ariz. Rev. Stat. ("A.R.S.") § 41-1481(A).

3   Title VII bars enforcement actions based on charges that were not timely filed with the

4   EEOC. 42 U.S.C. § 2000e-5(e)(1). When a plaintiff brings suit for discrete discriminatory

5   acts, all incidents that occur outside the limitation period serve merely as background

6   evidence to support a timely claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113

7   (2002). By contrast, hostile work environment claims are "based on the cumulative effect of

8   individual acts," and when a plaintiff brings a hostile work environment claim, the claim may

9   be "composed of a series of separate acts that collectively constitute one 'unlawful

10  employment practice.'" *Id.* at 115, 117. As a result, a hostile work environment claim "will

11  not be time barred so long as all acts which constitute the claim are part of the same unlawful

12  employment practice and at least one act falls within the time period." *Id.* at 122.

13          Both the EEOC and ACRD's pleadings allege that on June 5, 2009, Ms. Hancock filed

14  a "timely"charge of discrimination with the ACRD, which was dual-filed with the EEOC.

15  (EEOC Compl. ¶ 9; ACRD Am. Compl. ¶ 16.) Ms. Hancock alleges in the charge of

16  discrimination that she was subject to discriminatory conduct on or about April 28, 2009, and

17  that she was subject to retaliatory conduct on or about May 22, 2009. (Charge at 1.) Ms.

18  Hancock filed the charge of discrimination on June 5, 2009, within the timely charge filing

19  requirements of Title VII and the ACRA. (*Id.*) In addition, both the EEOC and the ACRD

20  pleadings assert hostile work environment claims, which are timely if at least one component

21  act occurred within the timely filing period. *Morgan*, 536 U.S. at 117; (EEOC Compl. ¶¶ 10-

22  19; ACRD Am. Compl. ¶¶ 20-28.)[6] Ms. Hancock's charge was timely filed as required by

23

24          [6] Geo asserts in its Reply in support of its Motion to Dismiss the ACRD's Amended

25  Complaint that the ACRD does "not have statutory authority to bring a pattern or practice
    claim" under the ACRA, and that the ACRD's Amended Complaint alleges only discrete acts

26  of discrimination. (CV 10-1995-PHX-SRB, Doc. 11, Def.'s Reply in Supp of ACRD MTD
    ("ACRD Reply") at 6.) While the Court declines to address arguments raised only in a reply,

27  the Court notes that, contrary to Defendant's contentions, the ACRD specifically alleges a

28  hostile work environment claim, and nothing in the ACRA, or Title VII federal case law by

1    Title VII and the ACRA. *See* 42 U.S.C. § 2000e-5(e); A.R.S. § 41-1481(A).

2        Geo also argues, however, that the EEOC and the ACRD failed to allege that any of

3    the purported conduct toward the similarly-situated female employees occurred within 300

4    days, as required under Title VII, or 180 days, as required under the ACRA, of the filing of

5    Ms. Hancock's charge. (EEOC MTD at 5-8; ACRD MTD at 3.)[7] In the context of Title VII

6    class actions, the Ninth Circuit Court of Appeals has held that a named plaintiff may

7    "represent all class members whose claims were not already time-barred at the time he filed

8    his charge, irrespective of whether the class members had filed charges of their own" but that

9    "as a prerequisite to obtaining relief, each class member must demonstrate, by fact of

10   employment or otherwise, that he or she had been discriminated against during the [300 day]

11   limitation period or was a member of a group exposed to discrimination during that time."

12   *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1442-43 (9th Cir. 1984). Similarly, under

13   Title VII, the EEOC can assert a hostile work environment claim on behalf of individuals as

14   long as at least one of the acts that contributes to the hostile work environment occurred

15   within the 300 days preceding the filing of the charge of discrimination. *See EEOC v. GLC*

16   *Rests., Inc.*, No. CV 05-0618 PCT-DGC, 2006 WL 3052224, at *2 (D. Ariz. Oct. 26, 2006);

17   *accord EEOC v. Wyndham Worldwide Corp.*, No. C07-1531RSM, 2008 WL 4527974, at *7

18   (W.D. Wash. Oct. 3, 2008); *EEOC v. Lawry's Rests., Inc.*, No. CV 06-01963 DDP (PLAx),

19   2007 WL 6935814, at *5 (C.D. Cal. Jan. 26, 2007). Because Title VII case law is persuasive

20   in interpreting the ACRA, it appears that the ACRD, like the EEOC, can also assert claims

21   ─────────────────

22   analogy, suggests that the ACRD is limited only to filing suit for discrete acts of
     discrimination. *See  Hughes*, 678 P.2d at 495, 499. The United States Supreme Court has

23   construed § 706 of Title VII, which is substantively similar to the ACRA, to allow for a
     series of incidents to constitute one hostile work environment claim. *See Morgan*, 536 U.S.

24   at 117; *compare* 42 U.S.C. § 2000e-5(e)(1), *with* A.R.S. § 41-1481(A). As previously

25   mentioned, when the ACRA mirrors Title VII, Title VII federal case law is persuasive. *See*
     *Bodett*, 366 F.3d at 742.

26

27       [7] As discussed above, the similarly-situated female employees do not have to
     individually file a timely charge of discrimination with the EEOC or the ACRD. (*See supra*

28   Part II.C.1.)

1    on behalf of a class of individuals limited in scope to individuals who suffered an unlawful

2    employment practice during the filing period for a charge of discrimination. *See GLC Rests.,*

3    *Inc.*, 2006 WL 3052224, at *2; *Higdon*, 673 P.2d at 909-10 n.3.

4     Here, the EEOC and the ACRD pleadings both allege an on-going hostile work

5    environment that continued into the timely filing period. (EEOC Compl. ¶¶ 10, 12(a), (f)

6    (alleging repeated, sometimes daily, unlawful conduct since at least 2007); ACRD Am.

7    Compl. ¶¶ 20, 22(a) (alleging that unlawful employment practices have existed since at least

8    2007 and that discriminatory conduct was on-going, repeated and at times daily).) In

9    addition, construed in the light most favorable to the non-moving parties, the EEOC and

10   ACRD's pleadings allege on-going retaliatory conduct against female employees. (EEOC

11   Compl. ¶¶ 20, 23; ACRD Am. Compl. ¶¶ 33-35.) Although neither the EEOC nor the ACRD

12   specifically alleges the dates on which the alleged unlawful employment practices occurred,

13   this level of specificity is not required to survive a motion to dismiss. *See Iqbal*, 129 S. Ct.

14   at 1949 (noting that a complaint must contain only sufficient factual allegations, which, if

15   accepted as true, state a claim for relief that is "plausible on its face").

16    Additionally, since both the EEOC and the ACRD assert claims for a hostile work

17   environment, even if most of the conduct outlined in the pleadings is outside the timely filing

18   period, the allegations are still relevant as part of the alleged hostile work environment claim

19   as long as one component act occurred within the timely filing period. *See Morgan*, 536 U.S.

20   at 117. The EEOC and the ACRD both allege on-going conduct, and the pleadings, construed

21   in the light most favorable to the non-moving parties, allege that the conduct continued from

22   2007 to the present. (*See* EEOC Compl. ¶¶ 10, 12; ACRD Am. Compl. ¶¶ 20, 22.) Based on

23   the allegations in the pleadings, it is at least plausible that the similarly-situated female

24   employees were members of a group exposed to discrimination during the timely filing

25   period preceding the filing of Ms. Hancock's charge.[8] Therefore, the Court denies Geo's

26

27    [8] In its Motion to Dismiss the similarly-situated female employees from the EEOC

28   suit, Geo asserts that the conduct alleged in the Complaint occurred outside the 300 day

Motions to Dismiss the EEOC and the ACRD suits for a failure to allege that the charge was timely filed as to the female employees.

### 3. Whether the ACRD Filed the Complaint Within the One Year Statute of Limitations

Geo next argues that the ACRD does not allege that its suit was filed within the one year statute of limitations. (ACRD MTD at 5.) Claims for violations of the ACRA must be brought within one year after the filing of the "charge to which the action relates." A.R.S. § 41-1481(D). Here, Ms. Hancock filed the charge of discrimination with the ACRD on June 5, 2009. (Charge at 1.) The ACRD filed suit on June 4, 2010, within the one year statute of limitations. (CV 10-1995-PHX-SRB, Doc. 1-2, Compl. at 1, 10.)[9]

### 4. Whether the EEOC Adequately Pled Claims of Hostile Work Environment and Retaliation on Behalf of the Similarly-Situated Female Employees

Geo also argues that the EEOC's Complaint fails to sufficiently plead a prima facie case of hostile work environment and retaliation on behalf of the similarly-situated female employees. (EEOC MTD at 3-5.)

#### a. Hostile Work Environment Claim

In order to prevail on a hostile work environment claim, a plaintiff must show that "'(1) [he or she] was subjected to verbal or physical conduct because of [gender], (2) the

---

period prior to Ms. Hancock's charge. (EEOC MTD at 6-8.) As noted above, the Court has determined that Geo's Motion to Dismiss the similarly-situated women from the EEOC Complaint "will be considered as a Rule 12(b)(6) motion only and not as one for summary judgment." (Mar. 17, 2011, Order at 1.) As a result, the Court will not consider the dates provided by Geo in its Motion.

[9] Geo argues in its Reply that the "claims regarding the 'similarly situated' women may be outside the statute of limitations." (ACRD Reply at 6-7.) As discussed above, the ACRD does not have to allege that the similarly-situated female employees filed a charge of discrimination. *See* Part II.C.1. Because the ACRD mandates that suit be initiated within one year of the charge of discrimination, not one year of the unlawful conduct, Ms. Hancock's June 5, 2009, charge started the statute of limitations period, and the ACRD's suit, based on Ms. Hancock's charge, is timely filed.

1   conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the

2   conditions of . . . employment and create an abusive work environment.'" *Johnson v.*

3   *Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (quoting *Manatt v. Bank*

4   *of Am.*, 339 F.3d 792, 798 (9th Cir. 2003)). "[W]hether an environment is sufficiently hostile

5   or abusive must be judged by looking at all the circumstances, including the frequency of the

6   discriminatory conduct; its severity; whether it is physically threatening or humiliating, or

7   a mere offensive utterance; and whether it unreasonably interferes with an employee's work

8   performance." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (internal

9   quotation and citation omitted). While a complaint alleging a hostile work environment must

10  allege sufficient facts to provide the defendant with fair notice of the claim and the conduct

11  underlying the claim, a plaintiff does not have to prove a prima facie hostile work

12  environment case at the pleading stage. *See Twombly*, 550 U.S. at 569-70; *Swierkiewicz v.*

13  *Sorema N.A.*, 534 U.S. 506, 512 (2002).

14        Here, the EEOC's Complaint contains allegations that Geo's female employees were

15  subject to several specific incidents of physical sexual harassment, including unwanted

16  grabbing, pinching, and kissing. (EEOC Compl. ¶ 12(d).) The EEOC also alleges humiliating

17  treatment, specific incidents of verbal harassment, and offensive gestures suffered by the

18  similarly-situated female employees. (*Id.* ¶ 12(a)-(c), (e)-(f).) The EEOC's allegations refer

19  to specific statements and conduct, although they do not identify the victim or the offending

20  employee. (*See id.* ¶¶ 10-12.) The EEOC also alleges that the conduct was so severe and

21  pervasive that it altered the female employees' terms and conditions of employment and

22  created a hostile work environment. (*Id.* ¶¶ 13-14.) The Complaint provides Geo with "fair

23  notice of what [the female employees'] claim[s] [are] and the grounds upon which [they]

24  rest." *See Swierkiewicz*, 534 U.S. at 512. Viewing the totality of the alleged conduct in the

25  light most favorable to the EEOC, the Complaint alleges sufficient facts to state a claim for

26  relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. Therefore, the Court

27  concludes that the EEOC has stated a hostile work environment claim on behalf of the

28  similarly-situated female employees. Geo's Motion to Dismiss the similarly-situated female

1    employees' hostile work environment claim is denied.

2                    **b.    Retaliation Claim**

3            In order to prevail on a retaliation claim, a plaintiff must show that (1) he or she

4    engaged in a protected activity, (2) he or she suffered an adverse employment action, and (3)

5    there is a causal link between the protected activity and the adverse employment action.

6    *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 646 (9th Cir. 2003). As noted above, a plaintiff's

7    complaint must contain sufficient allegations to provide the defendant with notice of the

8    claims and make a claim for relief plausible on its face; but a complaint need not prove a

9    prima facie case. *See Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555-56; *Swierkiewicz*,

10   534 U.S. at 512.

11           Here, the EEOC alleges that Ms. Hancock engaged in protected activities by

12   complaining to Geo's management, opposing sexual harassment, and filing a charge with the

13   EEOC, and that, as a result, Geo retaliated against Ms. Hancock by permitting further

14   harassment, placing Ms. Hancock on unpaid leave, changing Ms. Hancock's position, and

15   ultimately terminating Ms. Hancock's employment. (EEOC Compl. ¶¶ 21-22.) The EEOC

16   also alleges retaliatory acts against a class of female employees, including the withholding

17   of security back-up and issuing unwarranted disciplinary actions, after the employees

18   engaged in protected activity. (*Id.* ¶ 23.) As with the EEOC's hostile work environment

19   claim, the Complaint provides Geo with "fair notice" of the EEOC's retaliation claims and

20   the grounds upon which the retaliation claims rest. *See Swierkiewicz*, 534 U.S. at 512. The

21   allegations of retaliation in the Complaint are sufficient to state a claim for relief that is

22   plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. The EEOC has stated a retaliation claim

23   on behalf of the similarly-situated female employees. Geo's Motion to Dismiss the similarly-

24   situated employees' retaliation claim is denied.

25                   **5.    Whether the EEOC and the ACRD Conciliated in Good Faith**

26           Both Title VII and the ACRA require the EEOC and the ACRD to conciliate before

27   bringing suit. 42 U.S.C. § 2000e-5(b); A.R.S. § 41-1481(B). Geo argues that the EEOC and

28   the ACRD did not conciliate in good faith on behalf of the similarly-situated female

employees because they "failed to respond in a reasonable and flexible manner to the reasonable attitudes of [Geo]." (ACRD MTD at 6; *accord* EEOC MTD at 9.) Geo primarily asserts that both the EEOC and the ACRD failed to identify the scope of the alleged class and potential damages. (ACRD MTD at 6; *accord* EEOC MTD at 9.) In both Motions to Dismiss, Geo does not challenge the sufficiency of the pleadings but rather relies on additional evidentiary material outside the pleadings. (*See* ACRD MTD at 5-9; EEOC MTD at 9-12.)

Geo does not argue that the EEOC or the ACRD failed to allege that they engaged in sufficient conciliation efforts. (*See* ACRD MTD at 5-9; EEOC MTD at 9-12.) Geo's challenge of the EEOC and ACRD's conciliation efforts presents a question of fact that can only be resolved by considering evidentiary material outside the pleadings and converting Geo's Motions to Dismiss into motions for summary judgment. In its March 17, 2011, Order, the Court determined that Geo's Motion to Dismiss "will be considered as a Rule 12(b)(6) motion only and not as one for summary judgment." (March 17, 2011, Order at 1.) Geo's challenges to the conciliation efforts do not address the sufficiency of the pleadings and fail to demonstrate that the EEOC and the ACRD did not state a claim for relief that is "plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. In addition, the EEOC's Complaint alleges that the EEOC satisfied all conditions precedent to bringing suit. (EEOC Compl. ¶ 7.) Similarly, the ACRD's Amended Complaint alleges that "the parties have not entered into a conciliation agreement and the [ACRD] brings this Complaint pursuant to A.R.S. § 41-1481(D)." (ACRD Am. Compl. ¶ 19.) A.R.S § 41-1481(D) permits the ACRD to initiate litigation following a failed attempt at conciliation. Geo's Motions to Dismiss based on a challenge to the EEOC and ACRD's conciliation efforts is denied; Geo does not argue that either the EEOC or the ACRD failed to allege that they satisfied the conciliation requirement, and the pleadings allege that the EEOC and the ACRD did in fact attempt to conciliate the claims at issue. (EEOC MTD at 9-12; ACRD MTD at 5-9; EEOC Compl. ¶ 7; ACRD Am. Compl. ¶¶ 18-19.)

**IT IS ORDERED** denying Defendant Geo Group, Inc.'s Rule 12(b)(6) Motion to Dismiss Similarly-Situated Female Employees in the suit brought by Plaintiffs the State of Arizona and the Civil Rights Division of the Arizona Department of Law (CV 10-1995-PHX-

SRB, Doc. 9).

**IT IS FURTHER ORDERED** denying Defendant Geo Group, Inc.'s Motion to Dismiss the Class of Female Employees in the consolidated suit filed by the Equal Employment Opportunity Commission (CV 10-2088-PHX-SRB, Doc. 10).

DATED this 11th day of April, 2011.

_____

Susan R. Bolton
United States District Judge